IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

AMANDA MALPHURS, *
 * CASE NO.: 5:13-CV-00443-MTT
Plaintiff, *
 *
vs. *
 *
COOLING TOWER SYSTEMS, INC., *
and JOE COATES, *
 *
Defendants. *

---

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION**

---

In accordance with FRCP 12(b)(1), Defendants hereby move this Court to dismiss all state court claims for lack of jurisdiction.

**I.**

**FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

The Plaintiff, AMANDA MALPHURS (hereinafter "MALPHURS"), is a former employee of Defendant COOLING TOWER SYSTEMS, INC. (hereinafter "CTS"), a corporation whose principle office is in Macon, Bibb County, Georgia. Defendant JOE COATES (hereinafter "COATES") is the President and sole shareholder of Defendant COOLING TOWER SYSTEMS, INC.

[MALPHURS was employed by CTS from November 6, 2011, until May 9, 2012, when she resigned. Thereafter, on or about September 13, 2012, MALPHURS filed suit in Bibb County Superior Court against both Defendants, alleging multiple instances of what she

contended to be sexual harassment. She claimed: A) Intentional Infliction of Emotional Distress (Count 1), Sexual Battery (Count 2) and Assault (Count 3) against COATES; and B) Negligent Retention and Supervision (Count 4) against CTS. That is, Count 4 was not alleged against COATES.

Following discovery, CTS and COATES filed a Motion for Partial Summary Judgement directed at most of MALPHURS' claims. The hearing on the Motion for Partial Summary Judgement was scheduled for November 25, 2013. On November 17, 2013, MALPHURS filed a Voluntary Dismissal Without Prejudice of the Complaint.][1]

On November 21, 2013, MALPHURS filed this federal complaint against the same Defendants. (The Answers and Defenses of Defendants were filed on February 17, 2014.) Count I alleges a Fair Labor Standards Act violation-failure to pay overtime-against both Defendants. The remaining counts are state law claims and are identical or virtually identical to the claims included in the Complaint filed in Bibb Superior Court: Count II alleges Intentional Infliction of Emotional Distress against COATES; Count III alleges Battery against COATES; Count IV alleges Invasion of Privacy against COATES; and Count V alleges Negligent Supervision against CTS. (Counts VI, VII and VIII are actually concerned with damages, not substantive claims.) Since this Court has jurisdiction of the FLSA claim, Plaintiff alleges supplemental jurisdiction of the state law court claims.

---

[1]The information contained herein is not reflected by the pleadings/record to date, but can be provided by affidavit or testimony if necessary.

## II.

## INTRODUCTION

The Plaintiff is undoubtedly "jurisdiction shopping". This federal complaint is simply an attempt-and a pretty transparent one at that-to have this Court decide state law claims rather than the state court. This is even clearer when one considers, in addition to the above stated facts, that Plaintiff could simply have amended the superior court complaint to add an FLSA count, under 29 U.S.C.§216 (b). Of course, we recognize that, if the Plaintiff has a legitimate FLSA claim, she has an absolute right to bring it in federal court rather than state court. But she does not have the right to piggy-back the sexual harassment tort claims and have them decided by the federal court in conjunction with a failure to pay overtime claim by alleging "supplemental jurisdiction" when there is none.

## III.

## LEGAL MEMORANDUM, ANALYSIS AND AUTHORITY

**A. This Court does not have supplemental jurisdiction.**

Title 28 U.S.C. §1367(a) provides for supplemental jurisdiction of state court claims: "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within such original jurisdiction that the form part of the same case or controversy* under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or the intervention of additional parties." Emphasis supplied.

Here, the only thing that the FLSA claim has in common with the state claims is the

employment relationship, and that is not enough. "[T]he employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting Plaintiffs' federal overtime claims and Gristede's state law counterclaims." Torress v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 468 (S.D.N.Y., 2008).

In Lyon v. Whisman, 45 Fed. 3d 758 (3d Cir. 1995), Lyon had sued her employer, Whisman & Associates charging that they failed to pay her overtime wages as required by the FLSA. Her complaint also included contract and tort claims charging that Whisman failed to pay her a promised bonus on time or in full. At trial Lyon prevailed on all claims. Whisman appealed, challenging the judgement on the tort claim. The appellate court reversed on the state law claims, holding: "We must vacate the judgements on both of the state law claims, however, because the claims did not share a 'common nucleus of operative fact' with the FLSA claim, and thus the district court lacked subject matter jurisdiction over them supplemental to its federal question jurisdiction over the FLSA claim."

As to whether there existed a nexus between the federal and state claims, the court further held: "The facts relevant to her state law contract and tort claims, which involved Whisman's alleged underpayment of a bonus and its refusal to pay the bonus if Lyon started looking for another job, were quite distinct. In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no 'common nucleus of operative fact' justifying supplemental jurisdiction over the state law claims. In fact, it would be charitable to characterize the relationship of the federal and state claims as involving even a 'loose' nexus. Thus, Article III bars federal jurisdiction." At 765.

In Carl Hoops, v. Kayspan Energy, et al, 794 F. Supp. 2d 371(EDNY 2011), the plaintiff

had sued for overtime compensation under the FLSA and also sought damages under New York Labor Laws for failure to pay a weekly sum for laundry and maintenance services for uniforms.

The district court first noted: "Section 1367(a) grants supplemental jurisdiction to any related claim that arises out of the same case or controversy as the original claim granted subject-matter jurisdiction. 28 U.S.C.§1367(a). The Court can only exercise supplemental jurisdiction over the Plaintiff's Labor Law claim if it arises from the same common nucleus of operative fact as the Plaintiff's federal cause of action. Carnegie Melon Univ. v. Cohill, 484 U.S.343, 349, 108 S. Ct. 614, 98L. Ed. 2d 720 (1988) ("[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'")"

Then, the district court held: "Here, the Court finds that the FLSA and the Labor Law claims do not arise out of the same common nucleus of operative fact. The FLSA claim is for overtime compensation, and the payments that Defendants allegedly owe for the maintenance and laundering of uniforms constitute additional compensation in addition to the Plaintiff's straight-time wage rate. This additional compensation is not considered a part of the Plaintiff's wages, and therefore does not factor in to the calculation of the Plaintiff's regular rate for purposes of overtime compensation." Emphasis supplied.

Certainly, these state court tort claims amounting to sexual harassment have nothing to do with Plaintiff's wages. Certainly, these state court tort claims amounting to sexual harassment are completely unrelated to the FLSA claim and cannot be said to form "part of the same case or controversy".

**B. This Court should decline jurisdiction.**

Even if this Court has supplemental jurisdiction-which we believe it clearly does not-the Court should decline jurisdiction under 28 U.S.C.§1367 (c) (2), which provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."

Here, there can be little doubt that the main case is comprised of the state law claims. There is barely a mention of the FLSA claim and no factual allegations to support the claim. "A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." McNerny v. Nebraska Public Power Dist., 309 F. Supp.2d 1109, 1117-18 (D.Neb.2004), (citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3rd Cir.2003). In De Asencio, the appellate court was even more pointed in reversing a district court decision to exercise supplemental jurisdiction: "The dispositive provision here appears to focus on whether the state-law action substantially predominates over the FLSA action. Where 'the state issues substantially predominant , whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.' Gibbs, U.S. at 726, 86 S. Ct. 1130. Generally, a district court will find substantial predomination 'where a state claim constitutes the real body of a case, to which the federal claim is only an appendage.' - only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog."

**IV.**

**CONCLUSION**

For the foregoing reasons and in accordance with the authority cited herein, Defendants., respectfully request that the Court dismiss all state law claims/counts of the Complaint for lack of jurisdiction.

Respectfully submitted, this 5th day of March, 2014.

*/s/ Thomas F. Jarriel*

**THOMAS F. JARRIEL**
Attorney for Defendants
State Bar No. 389650

PO Box 214
Macon, Georgia 31202-0214
(478)254-5181 Telephone
(478)254-5685 Fax