IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMANDA MALPHURS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOLING TOWER SYSTEMS, INC. and ) <br> JOE COATES, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:13-CV-443(MTT) |

## ORDER

This matter is before the Court on the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 12). For the following reasons, the motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Amanda Malphurs is a former employee of Defendant Cooling Tower Systems, Inc. ("CTS"). (Doc. 1 at ¶ 5). Defendant Joe Coates is the sole owner and principal officer of CTS. (Doc. 1 at ¶¶ 8-9). Malphurs worked in an hourly-paid position from November 2011 to May 2012, and her duties included working in the Defendants' warehouse, posting cooling tower lines and related equipment for sale on an online auction website, and performing other office work. (Doc. 1 at ¶ 5). Malphurs alleges that throughout her employment by the Defendants she was denied proper overtime compensation required by federal law. (Doc. 1 at ¶ 6).

Malphurs also alleges that during her employment Coates subjected her to "frequent, ongoing, and continuous harassing conduct of a sexual nature, most of which occurred at the workplace, which sexually harassing conduct was offensive,

outrageous, malicious, wanton, and willful." (Doc. 1 at ¶ 13). Coates allegedly required Malphurs to work late on numerous occasions so that he could be alone with her and engage in the alleged offensive conduct and sexual harassment. (Doc. 1 at ¶ 18). As a result, Malphurs alleges she accumulated additional uncompensated overtime, and Coates refused to compensate her for overtime unless she gave into his offensive sexual demands. (Doc. 1 at ¶¶ 18-19).

On many occasions, Malphurs allegedly demanded Coates stop his offensive conduct, but Coates disregarded her demands. (Doc. 1 at ¶ 17). Because Coates was the sole owner and principal officer of CTS, Malphurs alleges he could not be disciplined or fired for his conduct. (Doc. 1 at ¶ 11). Malphurs eventually determined she could no longer remain in that work environment and quit. (Doc. 1 at ¶ 25). Malphurs alleges she suffered severe emotional distress and physical impairment as a result of Coates's conduct, and CTS and Coates never paid her proper overtime compensation. (Doc. 1 at ¶¶ 26, 28).

On September 13, 2012, Malphurs filed suit in Bibb County Superior Court against the Defendants. On November 17, 2013, Malphurs voluntarily dismissed her complaint without prejudice and filed her complaint in this Court on November 21. Her federal complaint alleges state law claims that are identical or virtually identical to the claims in her complaint filed in state court. However, Malphurs has also included a claim for violations of the Fair Labor Standards Act ("FLSA") not alleged in her prior complaint. Because this Court has jurisdiction over her FLSA claim, Malphurs contends that the Court also has supplemental jurisdiction over her state law claims. The

Defendants contend Malphurs's state law claims are unrelated to her FLSA claim, and therefore, the Court does not have supplemental jurisdiction over her state law claims.

## II.  DISCUSSION

### A.  Whether the Court Has Supplemental Jurisdiction

The supplemental jurisdiction statute "reflects a dichotomy between a federal court's *power* to exercise supplemental jurisdiction … and its *discretion* not to exercise such jurisdiction … ."  *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citations omitted).  District courts have supplemental jurisdiction, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction … over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The appropriate inquiry is whether the other claims "arise out of a common nucleus of operative fact with a substantial federal claim[]" supplying original jurisdiction.[1]  *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 678 (11th Cir. 2012) (internal quotation marks and citations omitted).  To make this inquiry, the Court must "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based."  *Id*. at 679.  "A federal court's power or jurisdiction to entertain supplemental state claims is ordinarily determined on the pleadings."  *Lucero*, 121 F.3d at 598

---

[1] A FLSA claim raises a federal question that satisfies the substantiality requirement.  *Dominguez v. Enriquez*, 2014 WL 345451, at *1 n.1 (M.D. Ala.) (citing *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 177 F.3d 1212, 1233 (11th Cir. 1999)).

(citation omitted). "Where … each claim 'involves the same facts, occurrences, witnesses, and evidence,' the case or controversy requirement of [S]ection 1367 is satisfied." *World Holdings, LLC v. Fed. Republic of Ger.*, 701 F.3d 641, 651 (11th Cir. 2012) (quoting *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1560 (11th Cir. 1994)).

The Defendants contend the only thing Malphurs's FLSA claim has in common with her state law claims is her status as a former employee of the Defendants, and the employment relationship is insufficient to establish supplemental jurisdiction over Malphurs's state law claims. An employment relationship, standing alone, is not "strong enough to weave a sufficient factual nexus between" federal and state law claims. *Dominguez*, 2014 WL 345451, at *2; *see also O'Grady v. Dough*, 2013 WL 3063336, at *1 (M.D. Fla.) (citation omitted) ("None of the events alleged in Plaintiffs' state law claims are relevant to Plaintiffs' FLSA overtime claim—aside from the commonality of the parties involved, and such a relationship is 'too attenuated to meet the standard for exercising supplemental jurisdiction.'").

The Defendants' argument, however, overlooks the precise facts alleged by Malphurs in her complaint. Malphurs does not merely allege she is a former employee who, at different points in time, was subjected to sexual harassment and denied proper overtime compensation. Rather, she alleges Coates purposefully required her to work past her normal hours so he could engage in the offensive conduct without other employees present, and then he refused to compensate her for the additional hours worked unless she gave into his demands. Thus, Malphurs has identified a more specific factual connection between her FLSA and state law claims than the bare

existence of an employment relationship.  *Cf. Dominguez*, 2014 WL 345451, at *2 (noting that the plaintiff's FLSA and state law assault and battery claims "require[d] entirely separate factual inquiries that simply [were] not related" because the plaintiff did not allege or argue that the assault or battery by her supervisor related to the reason the supervisor previously denied her additional wages for overtime).  Moreover, each claim involves substantially the same occurrences and witnesses.  Accordingly, Section 1367(a) is satisfied, and the Court has supplemental jurisdiction over Malphurs's state law claims.

### B.  Whether the Court Will Exercise Supplemental Jurisdiction

Once supplemental jurisdiction is established pursuant to Section 1367(a), the Court may nevertheless decline to exercise supplemental jurisdiction if Malphurs's state law claims "substantially predominate" over her FLSA claim.  28 U.S.C. § 1367(c)(2).  "A federal court will find substantial predominance when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (internal quotations marks and citations omitted).  Even if the state law claims substantially predominate over the federal claim, the Court may still consider other factors, including "judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together."  *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1366 (11th Cir. 2010) (internal quotation marks and citations omitted).

Even if the Court does find it has supplemental jurisdiction over Malphurs's state law claims, the Defendants argue, the Court should decline to exercise supplemental

jurisdiction because Malphurs's complaint barely mentions her FLSA claim and contains "no factual allegations to support the claim." (Doc. 12 at 6). Contrary to the Defendants' assertions, Malphurs does allege facts in support of her FLSA claim. While Malphurs alleges a greater quantity of facts in support of her state law claims, those claims still appear to be intertwined with rather than predominate over her FLSA claim. Even if Malphurs's state law claims were substantially predominant, the Defendants fail to argue that factors such as judicial economy, convenience, or fairness to the Parties favor dismissing her state law claims. Accordingly, the Court will not decline to exercise supplemental jurisdiction over Malphurs's state law claims.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **DENIED**.

**SO ORDERED,** this 28th day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
